UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                              No. 99-4705

PEDRO HERNANDEZ-RAMIREZ,
Defendant-Appellant.

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
N. Carlton Tilley, Jr., Chief District Judge.
(CR-98-353)

Submitted: April 28, 2000

Decided: May 26, 2000

Before WILKINS and LUTTIG, Circuit Judges,
and BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Louis C. Allen III, Federal Public Defender, John A. Dusenbury,
Assistant Federal Public Defender, Greensboro, North Carolina, for
Appellant. Walter C. Holton, Jr., United States Attorney, Arnold L.
Husser, Assistant United States Attorney, Greensboro, North Caro-
lina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Pedro Hernandez-Ramirez appeals from his sixty-eight month sentence following his conviction for illegally reentering the United States after being deported for committing an aggravated felony, in violation of 8 U.S.C.A. § 1326(a), (b)(2) (West 1999). Hernandez-Ramirez's attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967). Counsel states that there are no meritorious grounds for appeal but addresses the following issue: whether the district court erred in denying Hernandez-Ramirez's motion to dismiss the indictment on the ground that his prior felony conviction was constitutionally defective and therefore could not serve as basis for sentence enhancement. Hernandez-Ramirez has filed a pro se supplemental brief. We affirm.

The Supreme Court has held that the Constitution requires only that collateral attacks be allowed against predicate convictions obtained in violation of the right to appointed counsel. See Custis v. United States, 511 U.S. 485, 493-97 (1994). Although Custis was decided in the context of the Armed Career Criminal sentencing enhancement under 18 U.S.C. § 924(e)(1) (1994), the Supreme Court has held that 8 U.S.C.A. § 1326(b)(2) is a penalty provision and not an element of a separate crime. See Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998).

Hence, under Custis, the Constitution requires only that collateral attacks in illegal re-entry after deportation proceedings be allowed on convictions obtained in violation of the right to counsel. Because Hernandez-Ramirez had counsel during his state court proceedings, he cannot now challenge that conviction.

Accordingly, we affirm Hernandez-Ramirez's sentence. We have examined the entire record in this case in accordance with the require-

2

ments of <u>Anders</u>, and find no meritorious issues for appeal. We further find meritless Hernandez-Ramirez's claims in his pro se supplemental brief. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

3